Battle, J.
 

 It is admitted by the defendant’s counsel, that
 
 *535
 
 if the title to the slave in question passed by the bill of sale to the-.plaintiff, he would have no defense at law, although the bill of sale was procured by the plaintiff’s father to be so executed, for the' purpose of defrauding his creditors. The reason is, as is clearly shown by
 
 Gowing
 
 v.
 
 Rich,
 
 1 Ire. Rep. 583 ;
 
 Rhem
 
 v.
 
 Tull,
 
 13 Ire. Rep. 57, and other cases of that class, that if the deed be held to be void, the legal title of the property will be in the grantor or bargainor, and not in the debtor; so that the creditors cannot, at law, take advantage of the fraud. But in the present case, the counsel contends that the slave did not pass to the plaintiff by the bill of sale, but to his father, who paid the purchase-money, by a sale and delivery, previously to the execution of the bill of sale ; and that the title having, as' against the vendor, vested in the father by such sale and delivery, his creditors could avoid it by seizing and selling the slave for the payment of their debts. The argument would be good, and the conclusion irresistible, if the premises were correct. A slave may Ipe sold, and upon the payment of the price, the title may pass by delivery, without a bill of sale, unless the parties intend that the contract of'sale shall not be complete until a bill of sale is executed, in .which case, the title will not pass until that is done ;
 
 Caldwell
 
 v.
 
 Smith,
 
 4 Dev. and Bat. Rep. 64.
 

 From the statement in the bill of exceptions, we are satisfied that the parties intended that the deed for the land, which 'the plaintiff’s father gave for the slave, and the bill of sale for the slave, should be executed at the same time ; the subscribing witness testified that it was so done ; and we cannot infer, from the statement, that the father took possession of the slave before that time. Such being the case, we are obliged to hold that the legal title passed by the bill of sale, and of course passed to the plaintiff, which makes the principle of the cases to which we have referred directly applicable to the transaction. \
 

 We concur also with his Honor in the construction of the 43rd section of the 31st chapter of the Revised Code. The question was referred to, but not decided, in the case of
 
 Carter
 
 
 *536
 

 v
 
 .
 
 Wood,
 
 11 Ire. Rep. 22, and we are not aware that it has been settled by any previous adjudication in this State. The terms of the act certainly do not expressly embrace any other persons than the officers of the court, and we do not feel ourselves at liberty, without the express authority of the Legislature, to declare that witnesses shall give their time and labor to any person, not even to one suing in
 
 forma pauperis,
 
 without compensation therefor. It is true, that when subpoenaed, they are bound to attend, and give their testimony, without having expenses previously paid or tendered. Rev. Code, chap. 31, sec. 43. But if they can recover for their attendance from the pauper, in the mode provided in the statute, they are at liberty to do so; or they may file their tickets in the clerk’s office, and have them collected from the defendant, in the event of the plaintiff’s success.
 

 There were some objections taken on the trial, which have not been insisted on in the argument here, and we have not, therefore, thought it necessary to give an opinion upon them, further than to say, as we now do, that they are clearly untenable.
 

 Pee CukiaM. There is no error; and the judgment is affirmed.